KOLOD ET AL. *v.* UNITED STATES.

No. 133. Certiorari denied October 9, 1967.—Rehearing and certiorari granted and case decided January 29, 1968.

*Edward Bennett Williams, Harold Ungar* and *W. H. Erickson* for petitioners.

*Solicitor General Griswold,* former *Solicitor General Marshall, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Sidney M. Glazer* for the United States.

PER CURIAM.

The petition for rehearing is granted and the order denying petitioners' petition for the writ of certiorari, 389 U. S. 834, is set aside. The petition for rehearing alleges that petitioners' counsel was informed after the petition for the writ of certiorari was filed that petitioner Alderisio's conversations were monitored through electronic surveillance conducted by a government agency at Alderisio's place of business in Chicago. The Court invited the Solicitor General to respond to the petition

for rehearing. 389 U. S. 966. The Solicitor General responded that the petition should be denied because the case did not come within ". . . the policy of the Department of Justice to make disclosure to the courts if it finds (1) that a defendant was present or participated in a conversation overheard by unlawful electronic surveillance, and (2) that the government has thereby obtained any information which is arguably relevant to the litigation involved." The Solicitor General stated that "As a result of his inquiries and examination, he is satisfied that there is nothing that is arguably relevant to the present case," that is, "no overheard conversation in which any of the petitioners participated is arguably relevant to this prosecution."

We read the response as admitting that Alderisio's conversations were overheard by unlawful electronic eavesdropping but as justifying nondisclosure on the basis of the Department's determination that the information obtained was not arguably relevant to this prosecution. We cannot accept the Department's *ex parte* determination of relevancy in lieu of such determination in an adversary proceeding in the District Court. Accordingly we grant the petition for certiorari as to each of the petitioners Alderisio and Alderman,* vacate the judgment of the Court of Appeals, and remand the case to the District Court for a hearing, findings, and conclusions on the nature and relevance to these convictions of any conversations that may be shown to have been overheard through unlawful electronic surveillance of petitioner Alderisio's place of business in Chicago. In such proceedings, the District Court will confine the evidence presented by both sides to that which is material to questions of the content of any electronically eavesdropped conversations at petitioner Alderisio's place

_____

*Petitioner Kolod died in August 1967 and the petition for certiorari as to him is dismissed.

of business in Chicago, and of the relevance of any such conversations to petitioners' subsequent convictions. The District Court will make such findings of fact on these questions as may be appropriate in light of the further evidence and of the entire existing record. If the District Court decides, on the basis of such findings, that the convictions of the petitioners were not tainted by the use of evidence improperly obtained, it will enter new final judgments of convictions based on the existing record as supplemented by its further findings, thereby preserving to all affected parties the right to seek further appropriate appellate review. If, on the other hand, the District Court concludes after such further proceedings that the conviction of a petitioner was tainted, it would then become its duty to accord such petitioner a new trial. *Hoffa* v. *United States,* 387 U. S. 231, 233–234.

The petition for a writ of certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK dissents.

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.