**UNITED STATES of America**

v.

**Salvatore GRANELLO a/k/a Sally Burns, Defendant.**

**No. 67 Civ. 4437.**

United States District Court
S. D. New York.

March 7, 1968.

Robert M. Morgenthau, U. S. Atty., Southern District of New York for the Government; Michael Mitchell, Asst. U. S. Atty., of counsel.

Michael P. Direnzo, Irving Anolik, Irwin Germaise, New York City, for defendant Salvatore Granello.

OPINION

DIMOCK, District Judge.

This is a motion by defendant Granello for a vacation of a judgment of conviction and a vacation of the indictment or, at least, a new trial. The motion is made under Title 28, Section 2255, of the United States Code, and is based on four grounds, the first of which is that material obtained by violation of his consti-

tutional rights has been used against him and the second of which is that the tape recording produced by a listening device that was used has been destroyed [1] so that all that is presented to the court is a log purporting to be the transcription. The Government has conceded that a tape recording of conversations was obtained by a mechanical listening device inserted by trespass on premises in which Granello's co-defendant Levine is said to have had a proprietary interest and which seem to have been used as a bail bond office. ·

By a memorandum dated December 14, 1967, I directed the Government to permit examination by Granello of three categories of material, all parts of the log concerning (1) him, (2) his co-defendant Levine, or (3) the handling of the trial of this case. This was accomplished by having the Government first peruse the logs and delete material that was not to be turned over. I then reviewed the compete log to make sure that all required material would be turned over. All of the material within the direction was turned over to Granello. The name "Granello" appeared several times in the transcript but never in a context that indicated any connection with the instant case. Nevertheless the transcripts turned over to Granello included all parts thereof where his name was mentioned. All portions* dealing with Levine were also turned over, though none of these indicated any connection with the instant case, either. No material in the third category was found.

The December 14 memorandum stated my views upon the third and fourth grounds on which the instant motion is based. The third ground was that documentary evidence used in the trial was taken by trespass from one Birrell who had allegedly been acting as attorney for defendant Granello. I had announced on the argument that I rejected the ground on the basis of the facts of the case as I had learned them when it was tried

before me. In the memorandum I stated my views on a fourth ground for the motion, i. e., that a certain inventory of the Birrell documents was not made available at the trial to assist the defendant to locate certain desired papers. I directed that the Government use the inventory in the search. The Government, at my direction, has made available to defendant Granello the only material that he desired to reach by the use of the inventory and no further application has been based thereon so that this issue is eliminated.

I reached the decision to permit the above described examination of the transcript, not because Granello showed any legal right or likelihood that anything turned up by the illegal monitoring would prove to be connected with his conviction so as to warrant a full scale investigation, but only because it seemed fair that he should be permitted to satisfy himself. This position was reenforced by the fact that the Solicitor General had already disclosed the log to Granello's co-defendant Levine. See Mr. Justice Fortas' dissenting opinion on an unsuccessful application for certiorari in the instant case, 386 U.S. 1019, 87 S.Ct. 1367, 18 L.Ed.2d 458 (1967). Levine was shown portions of the log in Florida in connection with a separate case there.

After reviewing the logs turned over to him Granello does not contend that anything contained therein was used against him in his trial either directly or as a lead. Moreover, while he has not abandoned the application for examination of the entire transcript, he makes no present contention that any material concerning him in the transcript before me has not been turned over.

What Granello now says is that the transcript presented to this court by the Government is incomplete and, since the tapes have been destroyed and cannot be checked, he should be allowed preliminarily to examine those who conducted the unlawful surveillance to uncover mate-

---

1. While the word used in the record is "destruction" there was no evidence that it meant more than that the recording of

the sounds has been removed as is customarily done by the users of tape recorders who wish to reuse tape.

rial that might lead to dismissal of his indictment or to a new trial. He seeks disclosure of anything concerning him that was overheard but not recorded, or recorded but not transcribed.

In support of this charge of incompleteness Granello submitted an affidavit of his co-defendant Levine to the effect that when he saw the logs in Florida they appeared to be more complete than the logs that were shown to him in connection with the instant case. A supplemental affidavit of Levine's was submitted in which he quoted certain parts of the log that he had read in Florida and said that there were other references in the log to Granello but that he did not make note of them. All of the matter which Levine quoted was contained in full in the log that had been turned over to Granello. A possible explanation for the thought that the quotations were not included in the surrendered log is that they appear in the surrendered log under date of October 4, 1962, while in Levine's affidavit the quotations appear under date of November 4, 1962. Levine also made the conclusory statement that he found in the Florida log "conversations pertaining to" the instant case, but gave no further details. Affidavits of two Florida lawyers in identical form with Levine's supplemental affidavit were submitted but their unsupported conclusions on whether the conversations pertained to the instant case are no more reliable than Levine's.

Even if Granello could conclusively show that the logs are incomplete, however, he could not prevail on this application. The basis of this application is the illegal monitoring of premises in which defendant Levine had an interest. Levine does not join in the application. The application is made by his co-defendant Granello who says that, since the monitoring was unlawful as to Levine, he, as Levine's co-defendant, is entitled to all the relief to which Levine would have been entitled, including the right of ex-

amination of those who conducted the monitoring and prepared the transcript.

■■■ From the time of the decision in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) up to the time of the order of the United States Supreme Court in Kolod v. United States, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962 (1968), it was clear that to obtain relief where there had been an unlawful search, the search must have been unlawful as to the applicant.[2] That being so, the fact that the applicant might show that the one whose personal rights were violated was his agent or a co-defendant or engaged in a joint enterprise with him would make no difference. To put it concretely, in the instant case the monitoring must have occurred in a place where the applicant had a possessory or proprietary interest or, as expressed in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), was relying on privacy. There is no evidence of anything of the kind here. No claim is made that Granello ever set foot in the bail bond office or that he was the direct object of an electronic surveillance. So far as appears from the report of the Kolod order, however, where relief was afforded not only to Alderisio, the defendant whose place of business was monitored, but to Alderman, his co-defendant, the co-defendant had no more relationship with the other defendant's place of business than Granello had with Levine's place of business in the instant case. An examination of the record on which the Kolod order was made discloses no claim that the defendants differed in status and the point was not briefed. The record neither affirmed nor denied the co-defendant's reliance upon the defendant's premises for privacy and it may well be that the actual but undisclosed facts placed the co-defendant in the same position as the defendant owner of the property so clearly that the Government felt it useless to raise the point.[3] Whatever may be the

**2.** See also an opinion in this litigation, United States v. Granello, 365 F.2d 990, 2 Cir. (1966).

**3.** This surmise draws some support from the wording of the Solicitor General's statement quoted by the Court in its or-

cause of the omission, I cannot accept an order of the Court made on such a meager record as overturning principles previously announced after careful consideration.

The foregoing treatment of Granello's application has been limited to discussion of his claim of the right to examination and investigation. This claim of the right to examination and investigation is preliminary to a claim for a new trial or dismissal of the indictment which would be based upon information disclosed by examination and investigation. Since the plea for examination and investigation is groundless, the plea for a new trial or a dismissal of the indictment, in so far as it would be based upon the fruits of the examination or investigation, is doubly groundless.

■ Granello's counsel has, however, argued that destruction of the tapes was per se such an egregious violation of fair play that, irrespective of any information that might be disclosed by examination or investigation, his conviction should be reversed forthwith. Clearly destruction of the tapes would harm an applicant if it prevented the applicant from proving that the Government had illegally seized evidence. It could be argued that in such circumstances an examination of the monitoring officers would be an inadequate remedy for if they chose to lie about what they overheard there would be no way of proving that illegally obtained evidence had been used against the applicant. Therefore counsel for Granello say that the Government ought to be penalized for destroying the evidence and suggest as a penalty reversal of Granello's conviction. This, of course, would involve disregard of the rule that illegality as to monitor-

ing of a third person is immaterial. No relaxation of the rule that the illegality must be illegality toward the applicant would be appropriate, however. The Government's act in destroying the tapes and thus making it hard for the applicant to prove the alleged use of monitored evidence against him has no relationship to the illegality of the monitoring.

■ Thus, if any special penalty is to be imposed it must be with respect to proof of the obtaining and use of incriminating evidence. For example, it might be ruled that when tapes had been destroyed the burden would be upon the Government to prove that no evidence used against the applicant had been obtained. There would be no occasion for deciding that issue, however, unless there had been a monitoring illegal as against the applicant. Since the monitoring here was not illegal as against the applicant we need not consider whether the destruction of the tapes would change. the rules of proof of the obtaining and use of incriminating evidence. It is still enough to say that the monitoring was not illegal as to applicant and that therefore he has no right to an examination of those who took part in the monitoring and certainly none to a new trial or dismissal of the indictment.

The Court hereby denies the application for investigation and examination and the application under Title 28, Section 2255 of the United States Code, made under all of the grounds urged by petitioner Granello, including, without limiting generality, the following:

1. Documentary evidence used in the trial was taken by trespass from one Birrell who had been acting as attorney for defendant Granello.

der in Kolod, 390 U.S. 136 at 137, 88 S. Ct. at 753, that "[N]o overheard conversation in which any of the petitioners participated is arguably relevant to this prosecution." That language should be contrasted with the unequivocal statement of the Solicitor General in his Supreme Court brief in the instant case which has been submitted by the Government to me: "[W]e have conducted a re-

view to determine whether any electronic eavesdropping or wiretapping affected the conviction of either of the petitioners. It appears from this inquiry that no conversations of petitioner Granello were overheard by any electronic surveillance; he was never the direct subject of an electronic surveillance nor did he engage in conversations held on other premises which were subject to such surveillance."

2. A certain inventory of the Birrell documents was not made available at the trial to assist defendant to locate the desired papers.

3. The Government was in possession of a tape recording obtained by trespass upon premises in which a co-defendant Levine had an interest.

4. The original tape recording has been destroyed.