**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Salvatore BATTAGLIA and Dave Evans,
Defendants-Appellants.**

**Nos. 16312, 16313.**

United States Court of Appeals
Seventh Circuit.

April 10, 1968.

Rehearing Denied April 17, 1968, en banc.

John Powers Crowley, Maurice J. Walsh, Anthony V. Champagne, Chicago, Ill., Raymond J. Smith, Morris A. Haft, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., Gerald M. Werksman, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel.

Before SCHNACKENBERG, SWYGERT and CUMMINGS, Circuit Judges.

On Motion to Remand

CUMMINGS, Circuit Judge.

Since our opinion was announced, defendants have filed a motion to remand to the District Court to determine the effect of any eavesdropping on this trial in accordance with the procedure prescribed in Kolod v. United States, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962. In response, the Government has transmitted the transcripts of certain overheard conversations involving defendant Battaglia. This Court had not previously been advised that any electronic monitoring had occurred. A careful *in camera* examination of the transmitted material reveals that these conversations were utterly irrelevant to these convictions. We are frequently called upon to determine relevancy as a matter of law. This case is still pending here on a petition for rehearing *en banc* and the documents are also before us. These factors, coupled with the utter irrelevancy of the documents, make it appropriate to dispose of the matter here. Review here also avoids additional delays to defendants. In our view, *Kolod* does not require further District Court action in the circumstances of this case. If there were any doubt as to the tainting of these convictions by the use of these documents, we would afford relief to defendants. There being no such doubt, there is no need to vacate our judgment and remand for a District Court documentary review. Defendants' motion is denied.

SWYGERT, Circuit Judge, dissenting.

In view of the Supreme Court's per curiam opinion in Kolod v. United States, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962 (January 30, 1968), I believe that we are required to remand this case to the district court to determine the effect of any eavesdropping. In *Kolod* the Supreme Court said:

Accordingly we * * * remand the case to the District Court for a hearing, findings, and conclusions on the nature and relevance to these convictions of any conversations that may be shown to have been overheard through unlawful electronic surveillance * * *. If the District Court decides, on the basis of such findings, that the conviction of the petitioners was not tainted * * * it will enter new final judgments of convictions based on the existing record as supplemented by its further findings, thereby preserving to all affected parties the right to seek further appropriate appellate review. 88 S.Ct. at 753.

In the Government's pending motion to modify the order of the Court, the Solicitor General seeks the following modification:

We submit, however, that there are sound practical reasons why it would be better practice to require the government to submit the logs prelimi-

narily for an *in camera* inspection by the district judge. This would not of course preclude the district judge from conducting further proceedings in instances where he found that a legitimate purpose might be served thereby.

Both of these extracts recognize that it is the function of the district court, not the court of appeals, to conduct an inquiry into the effect of electronic eavesdropping on a defendant's conviction. As *Kolod* now reads, this court's decision in the instant case is in direct conflict with the procedure outlined in that opinion. And even if the Government's motion to modify is granted, a remand to the district court would remain the only proper disposition.