**UNITED STATES of America,**
**Appellee,**

v.

**Jeremiah J. KELLEY, Appellant.**

**No. 38, Docket 30971.**

United States Court of Appeals
Second Circuit.

Argued April 1, 1968.

Decided May 27, 1968.

Peter R. Taft, Washington, D. C. (Vincent J. Fuller, Washington, D. C., on the brief), for appellant.

Douglas S. Liebhafsky, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., Michael S. Fawer and Michael W. Mitchell, Asst. U. S. Attys., on the brief), for appellee.

Before MOORE, WOODBURY * and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from a judgment of conviction entered after a jury trial before Judge Irving Ben Cooper, Southern District of New York. Kelley was convicted and sentenced consecutively with respect to all four of the counts charged. Count 1: being engaged in the business of wagering and causing a telephone to be used in interstate commerce for the transmission of information assisting in the placing of bets or wagers. 18 U.S. C. §§ 1084(a) and 2. Count 2: causing a telephone to be used in interstate commerce to promote, manage, carry on, facilitate, or etc. an unlawful activity in violation of New York Penal Law § 986. 18 U.S.C. §§ 1952 and 2. Counts 3 and 4

---

* Of the First Circuit, sitting by designation.

involved violation of the Federal Gambling Tax statutes, 26 U.S.C. §§ 7203, 7262 and 7272. Reversal of the conviction on counts 3 and 4 is required by Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). We find no error in the convictions on counts 1 and 2 and affirm the judgment on those counts.

Kelley, a bookmaker, operating in New York City in violation of New York law, constantly kept in touch with his clients in order to determine their willingness to place bets with him. On Kelley's instruction, a customer desiring to place a bet would call 212–EL 5–2828, at the Sherry-Netherland Hotel and ask for the fictitious "Mr. Mellon." He would be told that Mr. Mellon was not in. The bettor would then give the operator a code name previously decided by both the bettor and Kelley. Kelley would then call back, since he had each customer's home and business phone numbers, to receive the bet. The government's theory of the case is that the clients' calls to the Sherry-Netherland from outside New York State constitute use or transmission by Kelley of a facility in interstate commerce to promote an unlawful activity and transmission of gambling information.

■ Counts 3 and 4 must fall in light of the Supreme Court's decisions in Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). Appellant's further argument that the joining of counts whose statutory basis is later declared unconstitutional on single indictment and trial with other counts whose validity is unchallenged creates constitutional error with respect to convictions for the violation of the unchallenged statutes is without merit.

■ Reversal of the conviction on counts 3 and 4 does not require a reversal and new trial on counts 1 and 2. The mere presence of unconstitutional counts

is not prejudicial and was not tantamount to an improper comment upon appellant's failure to testify. If the presence of counts 3 and 4 "confounded and embarrassed" the defense to counts 1 and 2, a motion should have been made to sever. Failing this, appellant's present claim of prejudicial joinder is now foreclosed. United States v. Perl, 210 F.2d 457, 461–62 (2d Cir. 1954). Furthermore, there was no prejudice to appellant. The only proof adduced on counts 3 and 4 which was not independently admissible on counts 1 and 2 as well was the stipulated testimony of records witnesses, offered to show appellant's failure to register or pay the wagering tax. This proof had no tendency to establish that he was a gambler—if anything, it suggests the contrary.

Appellant's several other points are also without merit.

■■ A person may be held responsible as a principal under 18 U.S.C. § 2 (b) for causing another to do an act which would not have been criminal if directly performed by that other person. United States v. Lester, 363 F.2d 68, 72–73 (6th Cir. 1966), cert. denied 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967). The evidence showed that appellant told these bettors how to get in touch with him if they wished to make a bet and, therefore it was reasonable to expect that they would make interstate calls. This is sufficient to find that he "caused" the interstate calls. United States v. Scandifia, 390 F.2d 244 (2d Cir. 1968); Bass v. United States, 324 F.2d 168 (8th Cir. 1963).

■ The telephone calls to the EL5 number informed appellant that someone was ready to place a bet and how that person could be reached. This is certainly "information assisting in the placing of bets or wagers" within the meaning of 18 U.S.C. § 1084.

■■ Appellant was not prejudiced by the fact that counts 1 and 2 contained multiple violations. First, the objection may be deemed waived by failing to raise it prior to trial as required by Rule 12(b)

(2) of the Federal Rules of Criminal Procedure. Second, the government had furnished a bill of particulars several months before the first trial setting forth all the specific telephone calls which it intended to prove. Third, as was noted in United States v. Cohen, 35 F.R.D. 227, 231 (N.D.Cal.1964), affirmed 378 F.2d 751, 754 (9th Cir.), cert. denied 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967), "[t]he offense was a continuing course of conduct, and in that respect might, to the advantage of the defendant, be treated as one course of conduct and one offense."

The jury selection process of this Circuit was recently approved in United States v. Kelly, 349 F.2d 720, 778 (2d Cir. 1965), cert. denied 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966). We adhere to that ruling.

 Appellant contends that the court should have ordered an eavesdropping investigation. We disagree. Kolod v. United States, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962 (1968), in which the Supreme Court ordered the Solicitor General to make an investigation and to present his findings to the district court in that case to determine whether evidence obtained from unlawful eavesdropping was used at the trial, does not invite every federal defendant to go on a fishing expedition such as appellant requests when there is no suggestion of eavesdropping. See United States v. Franzese, 392 F.2d 954 (2d Cir. 1968). No basis is shown for an investigation here.

 Appellant further contends that evidence found on his person at the time of arrest should have been suppressed. We find no support for this contention. The one day delay in arresting appellant is not ground for suppressing the evidence found on his person. McKnight v. United States, 87 U.S.App.D.C. 151, 183 F.2d 977 (1950), is distinguishable, in that in that case the delay was used as a device to make a search of premises for which a search warrant admittedly could not have been obtained. Compare United States v. Joines, 258 F.2d 471 (3d Cir.

1958), Seymour v. United States, 85 U.S. App.D.C. 366, 177 F.2d 732 (1949).

The conviction on counts 3 and 4 is reversed and these counts of the indictment are ordered dismissed. The judgment of conviction on counts 1 and 2 is affirmed.