**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sam Joseph BATTAGLIA, Defendant-Appellant.**

**No. 16861.**

United States Court of Appeals Seventh Circuit.

March 17, 1969.

Rehearing Denied May 7, 1969.

Maurice J. Walsh, Carl M. Walsh, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Lawrence T. Stanner, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before HASTINGS, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

HASTINGS, Senior Circuit Judge.

In May, 1966, defendant Sam Joseph Battaglia was indicted by a federal grand

jury charging violations of Section 12, Universal Military Training and Service Act, Title 50 App., U.S.C.A. § 462 (the Act).

Count I charged that on or about February 25, 1964, defendant willfully and knowingly made false statements to his local draft board, *i. e.*, that he was then living with his wife and that he had two children who were then living with him in his home. Count II charged that on or about March 30, 1966, defendant willfully and knowingly made substantially the same false statements to his local draft board as in Count I. Count III charged that on or about December 5, 1964, defendant willfully and knowingly failed, neglected and refused to perform a duty required of him under §§ 451–473 of the Act, *i. e.*, to notify his local draft board of a change in circumstances which "might" have resulted in a change of his draft status, that is, his marriage had been dissolved on November 24, 1964.

The case was tried to the court, without the intervention of a jury. Defendant offered no evidence in the trial. The court found defendant guilty on Counts I and III and acquitted him on Count II. Defendant was sentenced to a term of four years on each of Counts I and III to run concurrently. Subsequently, the court ordered the sentences reduced to two years, pursuant to 18 U.S.C.A. § 4208(a) (2). Defendant appeals. We affirm.

■ Defendant first contends the evidence introduced by the Government was not sufficient to establish his guilt beyond a reasonable doubt under Counts I and III; therefore, that the court erred in denying his motions for acquittal. We must consider the evidence in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ The evidence reveals to our satisfaction that prior to November, 1963, defendant lived with his wife and two children at 1440 N. First Avenue, Melrose Park, Illinois; he and his wife were separated in November, 1963, and he moved in with his parents in Oak Park, Illinois. Thereafter, he lived at various other addresses while his wife Elaine and his two children continued to live at the Melrose Park address for several years. Elaine was granted an uncontested divorce from defendant on November 24, 1964 by decree of the Circuit Court of Cook County, Illinois. Defendant was married to his second wife, Kari, on March 27, 1966. On or about February 25, 1964, defendant willfully and knowingly falsified his answers on a questionnaire to his local draft board that his wife and two children were living with him at the Melrose Park address. Further, defendant willfully and knowingly failed, neglected and refused to notify his local draft board that his first marriage had been dissolved by divorce on November 24, 1964.

We have considered: the testimony of FBI Agent Dallman; defendant's former neighbor Joanne Anderson; his friend Beverly Preston; the district supervisor of defendant's local draft board, Dorothy S. Steinert; relevant exhibits in defendant's selective service file; pretrial motions, trial motions and post trial motions; exhibits and supporting affidavits tendered by defendant; as well as reported testimony of other witnesses. While of course not obliged to do so, defendant made no effort to refute the Government's case. Based on our examination of the record as a whole, we find and hold that the trial court was justified in finding defendant's guilt established beyond a reasonable doubt and did not err in denying defendant's motions for acquittal. Glasser v. United States, *supra;* United States v. Adams, 7 Cir., 403 F.2d 840 (1968); United States v. Sosa, 7 Cir., 379 F.2d 525, 527 (1967), *cert. denied* 389 U.S. 845, 88 S.Ct. 94, 19 L.Ed.2d 111.

■ Defendant next asserts the trial court erred in denying his motion to dismiss the indictment based on the unconstitutional vagueness of the statute as applied to Count III and erred in denying his motion for arrest of judgment. De-

fendant focuses his attack on the use of the words "might change a registrant's status" as reflected in his willful and knowing failure to report the fact that his marriage was dissolved by divorce in November, 1964. He contends that no applicable statute or regulation uses the word "might" as a governing standard. Defendant is in error.

32 C.F.R. § 1625.1 provides:

"(a) No classification is permanent.

"(b) Each classified registrant * * * shall, within 10 days after it occurs, report to the local board in writing *any fact that might result in the registrant being placed in a different classification* such as, but not limited to, any change in his occupational, marital, military, or dependency status, or in his physical condition." (Emphasis added.)

We find nothing vague or speculative in this regulation. The local boards are necessarily left with a discretionary power to be exercised under a variety of circumstances.

Defendant was not misled or uncertain about his duty to keep his local board advised concerning his status. Witness his false statement shown under Count I. Further, there is the undisputed testimony of his girl friend Beverly Preston: "I had asked him why he hadn't been drafted yet, or why he wasn't in the Army, and he said that the Draft Board didn't know that he wasn't married."

■ Defendant charges he was denied equal protection of the laws as that right is guaranteed in the due process clause of the fifth amendment to the Federal Constitution. Specifically, he vigorously contends "that the action of the United States Attorney in bringing this prosecution and obtaining conviction, was arbitrary and discriminatory" in the face of "the traditional practice of the federal government in 'draft' cases". He asserts that where the defendant manifests a willingness to enter the Armed Forces, it is the practice of the Government to drop the prosecution "no matter what the alleged violation was" and give the defendant an opportunity to serve in the military service.

Defendant repeatedly stresses the fact, as shown by the Government's evidence, that from the time of his first arrest to the present he has consistently expressed his willingness to serve. Defendant correctly cites authority showing this practice has been followed in many cases. The trial court made reference to this in a colloquy with Government trial counsel and inquired whether the prosecution was being pressed because defendant's father was a reputed gangster. Defendant overstates the situation.

It is conceded that defendant could not be inducted into military service while his selective service file was in the hands of the United States Attorney; or while the instant criminal charge was pending; or while the subject judgment of conviction was unsatisfied of record. The trial court was fully advised of this, yet it declined to dismiss the prosecution and remove the record of conviction. In this refusal, defendant charges the trial court prejudicially erred.

In passing, we note that a similar plea was addressed to the Department of Justice. It made an independent examination of the file in the case and concluded the prosecution was not improper, and the case should continue to trial and disposition by judicial procedure. It is clear to us the United States Attorney complied with a consistent policy approved by the Department of Justice.

In considering the frequent cases where a defendant is granted the option of submitting to induction or facing prosecution, we usually find it applied when the violation charged is having refused to submit to an order to report for induction or having refused induction itself. By contrast, the instant case is concerned with false representation or the refusal to give information. We conclude that defendant has not been denied his constitutional rights in this respect.

We are not persuaded by defendant's contention that he was somehow denied due process of law because the Govern-

ment "seized" his selective service file from his local draft board and thereby prevented him from being declared delinquent and processed for induction as a delinquent.

■ Defendant contends the trial court erred in admitting testimony, over objection, of oral statements made by him. He claims this is in violation of the standards set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966) and is inconsistent with Rule 16, Federal Rules of Criminal Procedure, 18 U.S.C.A. The testimony in question was that of Agent Dallman describing the arrest of defendant and stating his recollection of a conversation then had between Agent Kinzer and defendant.

The record discloses that defendant was given full and timely warnings of his constitutional rights as required by the rules laid down in *Miranda.* The trial court did not err in that respect.

■ Further, at the close of Agent Dallman's testimony, the trial court ordered the Government to furnish statements required by 18 U.S.C.A. § 3500, including a written statement on an FBI "Form 302." This form was a written statement made by Agents Kinzer, Hogan and Dallman dated May 17, 1966. It contained the description of defendant's arrest on May 12, 1966 and of the conversations concerning which Dallman testified. The conversations took place in an auto in which defendant was being driven from his apartment in Melrose Park, Illinois to the Federal Building in Chicago. Dallman's subsequent dictation of his recollections took place five days later as indicated by the date on the written statement.

Defendant argues he was denied adequate discovery necessary to make a pretrial motion to suppress and determine the application of *Miranda* to statements made by defendant while in custody.

This is so, he urges, since the Government had denied it had any statements or admissions subject to production under Rule 16 in answer to defendant's pretrial motion for production. At that time the Government took the position that "written or recorded statements" referred to in Rule 16(a)[1] did not include reports by agents of the Government of their recollections and interpretations of prior conversations with defendant. The Government conceded they were producible pursuant to 18 U.S.C.A. § 3500. This position seems well established. United States v. Elife, D.C.S.D. N.Y., 43 F.R.D. 23, 24 (1967), citing Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963).

■ The language of the rule makes pretrial production discretionary rather than mandatory. United States v. Garcia, D.C.S.D.N.Y., 272 F.Supp. 286, 289 (1967), citing in the same district court United States v. Louis Carreau, Inc., 42 F.R.D. 408 (1967).

Production was furnished at trial pursuant to § 3500. We find no prejudice to defendant in the absence of this discovery; hence, no abuse of discretion. There was in point of fact no conflict over the facts to which Agent Dallman testified. We conclude the trial court did not prejudicially err in denying the pretrial discovery in issue.

On October 25, 1966, defendant filed a motion for the "Production, Inspection and Suppression of Evidence All Obtained by Electronic Eavesdropping." The Government's answer to this was a request that the motion be denied on the grounds that it was general and did not specify any particular conversation or communication. On November 18, 1966, the trial court denied such motion. Defendant charges error, relying on Kolod v. United States, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962 (1968).

1. The 1966 amendment to Rule 16 provides in part:
   "Upon motion of a defendant the Court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant * * *."

284

The instant case was tried almost two years before the decision in *Kolod*. No representations were made by the Government at trial or in its pretrial answer to the production motion with respect to the existence of unlawful electronic surveillance. The Government on brief (and in oral argument) now makes the following representation to this court:

> "The Department of Justice has advised the United States Attorney, and the United States Attorney hereby advises this Court that *the defendant was not the subject of, nor were any of his conversations ever monitored by any, unlawful electronic surveillance.*" (Emphasis added.)

Here there is no question presented of the arguable relevancy of eavesdropped information as in *Kolod*.

■ Defendant calls our attention to the belated acknowledgment by the Department of Justice of electronic eavesdropping upon Salvatore Battaglia, father of defendant, United States v. Battaglia, 7 Cir., 394 F.2d 327 (1968); now pending on petition for certiorari.

Another copy of the logs furnished for in camera inspection in the father's case, and found utterly irrelevant to those convictions, United States v. Battaglia, 394 F.2d at 328, has been tendered here for filing and to be held in camera. Defendant objects. Since defendant makes argumentative mention of the action in the father's case as somehow having relevance to his claim for reversal here, we now grant the Government's motion. Following submission of this appeal, we now make an in camera inspection of the logs in question to determine their relevance, if any, to the instant prosecution.

A careful in camera inspection of the transmitted material reveals that these conversations were utterly irrelevant and unrelated to the prosecution of the instant defendant. They provide no basis for the reversal of the conviction at hand.

■ Finally, defendant asserts the Act *as applied to him in this case* is unconstitutional. He contends, *inter alia*, that the United States is engaged in an undeclared war in Viet Nam. In this case, however, defendant was found guilty as charged in Counts I and III of the indictment, *i. e.*, of falsifying certain information to his local draft board and failing to report a change in status. He was not inducted into the Armed Forces of the United States. He was not ordered to report for induction. There is no showing in this record that in 1964, the date of the charged offenses, had defendant been inducted he would have been sent to Viet Nam. Without conceding that the constitutional question is properly before us for decision on its merits, we find and hold that defendant lacks standing to raise the question. United States v. Mitchell, D.C.D.Conn., 246 F.Supp. 874, 898 (1965). *Cf.* United States v. Bolton, 2 Cir., 192 F.2d 805, 806 (1951), on a similar question concerning the Korean War.

The judgment of the district court is affirmed.

Affirmed.

## ON PETITION FOR REHEARING

PER CURIAM.

On consideration of the petition of Sam Joseph Battaglia, defendant-appellant, for a rehearing of the above case heretofore decided by opinion on March 17, 1969; and it appearing from said petition that, *inter alia*, defendant-appellant relies on Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (March 10, 1969), and points to the material which resulted from electronic eavesdropping upon defendant-appellant's *father* and which we previously examined *in camera*.

We have now re-examined the *in camera* material and find, as stated in our opinion, that not only is this material utterly irrelevant to this prosecution, but *there is no suggestion either within the material or in the representations made concerning it that the overheard conver-*

*sations were defendant-appellant's own, or took place in his premises,* or even, in fact, took place within his presence and hearing. As we read *Alderman* and the related cases, defendant-appellant does not show he is entitled to further relief.

Finding no valid reasons for a rehearing on any grounds advanced in the petition, it is ordered that the same be and now is in all respects denied.