UNITED STATES of America,
Plaintiff-Appellee,

v.

INDUSTRIAL LABORATORIES CO. and
David Paul Ochs, Defendants-
Appellants.

No. 71–1651.

United States Court of Appeals,
Tenth Circuit.

April 3, 1972.

Gregory B. Hovendon, Atty., Department of Justice (Richard W. McLaren, Asst. Atty. Gen., James L. Treece, U. S. Atty., C. Coleman Bird, Atty., Department of Justice, Peter Barton Hutt, Asst. Gen. Counsel, Food, Drugs, and Environmental Health Division, Eugene M. Pfeifer, Robert E. Wilmoth and Marc H. Bozeman, Attys., United States Department of Health, Education, and Welfare, of counsel, on the brief), for plaintiff-appellee.

Lawrence M. Henry, Denver, Colo., for defendants-appellants.

Before HILL, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The appellants Industrial Laboratories Company and David Paul Ochs (the latter being the Laboratories' Chief Chemist) were convicted by a jury in U. S. District Court for Colorado on two counts each of causing, with intent to mislead and defraud, the introduction and the delivery for introduction into interstate commerce of an adulterated

drug in violation of § 301(a) of the Federal Food, Drug and Cosmetic Act, as amended, 21 U.S.C. § 331(a).[1]

Also submitted to the jury were the misdemeanor charges resulting from alleged violations of 21 U.S.C. § 331(a). The jury was told that these were lesser included offenses and it was to consider them only if the jury concluded that the defendants were not guilty of committing the offense with intent to defraud or mislead as defined by § 333(b), *supra*. The sole question presented is whether the trial court failed to instruct the jury adequately on the question of the specific intent requirement set forth in § 333(b), *supra*. See Note 1.

Industrial Laboratories Co. is engaged in making analyses of food and drug products. The defendant Ochs is the Chief Operating Officer of this company as well as its Chief Chemist. He unquestionably was shown to have been the responsible person in the operation and was also shown to have been personally involved in the transactions tried.

There were two shipments which were found by the jury to have been adulterated. The defendants had for some time been performing analyses for Denver Veterinary Labs, Inc. particularly of a substance known as Dextrose Solution 50% which Denver produced for shipment to Viobin Veterinary Products, Ltd. of Canada. Prior to March 1967, Industrial Laboratories performed but one test on the substance, but in March 1967, Viobin notified Denver by letter that the test results in that form would no longer be considered sufficient to satisfy the standards of the Canadian government. Certain other tests were requested. Following receipt of this letter a discussion was had between the Denver Laboratories director and Ochs, and following this a new report was devised. This listed several other tests. But the evidence established that Industrial Laboratories continued to perform only the test that had previously been performed. Furthermore, the evidence established that the two lots of drugs that are referred to in the indictment were in fact adulterated.

The verdicts were clear enough. The two forms on which the jury returned verdicts of guilty called for a finding that there was an intent to defraud or mislead. Hence there could have been no question on the part of the jury that they had to find existence of the intent[2], and so the only question is whether the instruction clearly delineated to the jury the necessity for finding a specific intent to defraud and also whether the jury was told in clear terms the meaning of intent in this context. The trial court instructed the jury as to the provision of the statute in question, § 333(b), *supra*.[3]

1. Insofar as here relevant, 21 U.S.C. § 331 (a) reads as follows:
   The following acts and the causing thereof are prohibited:
   (a) The introduction or delivery for introduction into interstate commerce of any food, drug, device, or cosmetic that is adulterated . . . .

   21 U.S.C. § 333 reads in pertinent part:
   (a) Any person who violates any of the provisions of section 331 of this title shall be guilty of a misdemeanor and shall on conviction thereof be subject to imprisonment for not more than one year, or a fine of not more than $1,000, or both * * *.

   (b) Notwithstanding the provisions of subsection (a) of this section, in case of a violation of any of the provisions of section 331 of this title, with intent to defraud or mislead, the penalty shall be imprisonment for not more than three years, or a fine of not more than $10,-000, or both * * *.

   Thus, under 18 U.S.C. § 1, which sets forth the general standard for federal crimes that any offense punishable by death or imprisonment for a term exceeding one year should be considered a felony, conviction under 21 U.S.C. § 333 (b) would be a felony conviction with all its attendant post-conviction consequences.

2. Cf. Roseman v. United States, 364 F. 2d 18, 26 (9th Cir. 1966).

3. The trial court dealt with intent as follows, on three separate occasions in its instructions:
   "In the counts that we are concerned with, these two defendants that I have

The trial court referred to the necessity for proof of intent when it told the jury about the lesser included offense of introducing into interstate commerce without any intent to mislead or defraud. It thus differentiated the two grades of offense and went on to say that if the jury was convinced that the defendants caused the drugs to be shipped in interstate commerce without the intent to mislead and defraud, the jury was at liberty to find the defendants guilty of a lesser included offense.

In lining out the elements of the felony charge the jury was told that in order for it to find the defendant guilty it must find beyond a reasonable doubt first, that the drug involved was shipped in commerce; second, that it was adulterated, describing what constitutes adulteration; third, as to the defendant Ochs, that he had a responsible position and was responsible for the preparation of an analyses report showing that certain tests were performed. But there was no mention of intent as an essential element. At another place in the charge the court stated that anyone who causes an adulterated drug to be introduced into commerce knowingly violates the law. The court went on to say that the

government did not have to prove that the defendant knew that the drug was adulterated and that it was not necessary for the government to prove that the defendant intended to violate the law.

■ As we view it, there was reason for misunderstanding and confusion as to the necessity to find the existence of a specific intent to defraud or mislead. The jury was told generally that the government was not required to prove a specific intent to violate the law. Undoubtedly this was directed to the lesser included offense. However, its inapplicability to the felony count was not pointed out. We must hold that it was essential that the jury be told that under § 333(b) intent to mislead or defraud was an essential ingredient. The jury should have been further directed that it was necessary for it to find that the defendant knew that the several tests had not been made, that Ochs intentionally misrepresented that they had, and that he did so for the purpose of misleading and defrauding the consignee and the Canadian authorities that such several tests had in fact been

spoken of earlier are charged with violating this Act with intent to defaud and mislead by unlawfully causing the introduction and delivery for introduction into interstate commerce of an adulterated drug."

\* \* \* \* \*

" . . . I further instruct you, ladies and gentlemen, that it is not incumbent upon the government to prove that the defendants knew the drug was adulterated. It is the responsibility of the person who manufactures, tests and sells drugs to be certain that they do not violate the law, since they have the opportunity of informing themselves of the existence of conditions imposed for the protection of consumers, rather than to put this hazard on the public. *Thus, as I told you, it is not necessary for you to find that the defendant had the intent to violate the law in order to find him guilty.* Now, I will give a further instruction regarding the intent as I discuss the form of the verdict

which will be furnished to you." (Emphasis added.)

\* \* \* \* \*

"The crime of causing an adulterated drug to be introduced into interstate commerce with intent to mislead or defraud necessarily includes the offense of causing an adulterated drug to be introduced into interstate commerce without any intent to mislead or defraud. Therefore, if you find that a defendant, and this relates to each of the respective counts on each defendant, of course, did not cause the introduction of an adulterated drug into interstate commerce with intent to mislead and defraud, but you find beyond a reasonable doubt under the instructions that I have given you that the particular defendant did cause an adulterated drug to be shipped in interstate commerce without the intent to mislead and defraud, you may find such defendant guilty of a lesser included offense."

performed.[4] The jury should have been further instructed that an act is done willfully if done voluntarily and intentionally, and with specific intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.[5]

This court has repeatedly recognized the duty of the trial court to instruct on the elements of the offense. See, e. g., Jones v. United States, 251 F.2d 288 (10th Cir. 1958), cert. denied 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715 (1958). See also Kolod v. United States, 371 F. 2d 983, 993 n. 4 (10th Cir. 1967), set aside on other grounds, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962. The Supreme Court in Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), held that plain error is committed when an essential ingredient of the crime charged is not adequately presented to the jury.

The Court of Appeals for the Fifth Circuit has held that the specific intent element is not presented to the jury adequately when the jury is merely told that the actor is held to intend the natural consequences of his acts.[6]

In United States v. Kemble, 197 F.2d 316 (3rd Cir. 1952), the failure of the trial court in a case in which the only defense was lack of felonious intent to charge on a specific intent was ruled plain error.

This court has recognized on numerous occasions the necessity for adequately charging on the issue of intent. See Hayes v. United States, 227 F.2d 540 (10th Cir. 1955), and Haskell v. United States, 241 F.2d 790 (10th Cir. 1957), cert. denied 354 U.S. 921, 77 S.Ct. 1379, 1 L.Ed.2d 1436.

We conclude that since intent is an essential element of the crime and since the instructions do not contain a clear and unambiguous description of specific intent as an essential element, and do not contain a definition of intent in this context, the court's instructions and omission to instruct on intent are to be regarded as plain error within the meaning of Rule 52(b).

We see no need for a retrial in this case since the only effect of this decision is to nullify the jury finding that there was an intent to defraud or mislead. See 28 U.S.C. § 2106 which provides:

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court * * * and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

This section has been interpreted as authorizing federal courts to modify a judgment in a criminal case by reducing the conviction to that of the lesser included offense.[7]

We might add that both sides consented at oral argument that if the case were reversed that it would be satisfactory to set aside the felony conviction and direct the entry of convictions on

---

4. We are not saying that the evidence was insufficient to establish intent in this respect. In fact, there was little dispute on the subject and yet it is an essential element of the offense and it should have been clearly presented as such.

5. Devitt and Blackmar compilation § 16.06 is an accurate statement of the law and is substantially similar to the instruction described. (Devitt and Blackmar, Federal Jury Practice and Instructions, 1970 ed., § 16.06).

6. Mann v. United States, 319 F.2d 404, 407–410 (5th Cir. 1963).

7. See Tinder v. United States, 345 U.S. 565, 73 S.Ct. 911, 97 L.Ed. 1250 (1953); United States v. Berkowitz, 429 F.2d 921 (1st Cir. 1970); Austin v. United States, 127 U.S.App.D.C. 180, 382 F.2d 129 (1967); United States v. Seegers, 445 F.2d 232 (D.C.Cir. 1971). See also Allison v. United States, 133 U.S.App.D.C. 159, 409 F.2d 445 (1969), which outlines the factors which must be present in order for this procedure to be appropriate.

the misdemeanor counts. It is so ordered.

The judgment of the district court is reversed and the cause is remanded with directions to enter convictions of the misdemeanor counts, that is to say, 21 U.S.C. §§ 331(a) and 333(a). The cause is remanded to the district court for reconsideration, if it wishes, of the sentences in the light of this court's action.