**UNITED STATES of America**

**v.**

**Hugh J. ADDONIZIO et al., Defendants.**

**Crim. No. 548–69.**

United States District Court,
D. New Jersey.

April 30, 1970.

Frederick B. Lacey, U. S. Atty. for the District of New Jersey, by Herbert J. Stern, Chief Asst. U. S. Atty.

Hellring, Lindeman & Landau, by Bernard Hellring, and Edwin H. Stern, Newark, N. J., for defendant Hugh J. Addonizio.

Thomas A. Wadden, Jr., Washington, D. C., for defendant Ruggiero A. Boiardo, Jr.

Mylod & Feinberg, by Julius A. Feinberg, Bloomfield, N. J., for defendant Anthony LaMorte.

Thomas R. Dyson, Jr., Washington, D. C., for defendant Joseph Biancone.

Patrick M. Wall, New York City, for defendant Ralph Vicaro.

Lum, Biunno & Tompkins, by William F. Tompkins, and William B. McGuire, Newark, N. J., for defendant Norman N. Schiff.

Budd, Larner, Kent, Gross & Picillo, by John J. Budd, Newark, N. J., for defendant Phillip Gordon.

Bracken & Walsh, by Joseph F. Walsh, Newark, N. J., for defendant Benjamin Krusch.

Raymond A. Brown, by Irving I. Vogelman, Jersey City, N. J., for defendants Frank Addonizio, Lee Bernstein, Calvin D. West and Irvine I. Turner.

Joseph A. Hayden, Newark, N. J., for defendant James Callaghan.

## OPINION AND ORDER

BARLOW, District Judge.

This case involves thirteen defendants (originally there were fifteen; two have since died) charged with violations of the Hobbs Act, 18 U.S.C. § 1951, in a sixty-six count indictment, Cr.No. 548–69, returned by a United States Grand Jury on December 17th, 1969. Specifically, Count I charges the defendants with "wilfully, unlawfully and feloniously" conspiring to "obstruct, delay and affect interstate commerce" by extortion "induced both by fear of financial injury and under color of official right" in connection with certain municipal construction projects undertaken by the City of Newark.

In Counts II through LXVI, all of the defendants are charged with substantive violations of 18 U.S.C. § 1951 in furtherance of the conspiracy and, additionally, in Counts XI through LXVI, various defendants are specially named.

The defendants filed a plethora of pre-trial motions in this case. Arguments thereon were heard on March 16th through March 19th, 1970. For the purposes of exposition and decision, these motions have been grouped in several categories.

### I

### MOTION TO STRIKE ALIAS

■ Defendant Boiardo moves to strike the alias "Tony Boy" from the caption and from all counts of the indictment, on the ground that its inclusion can serve only to inspire jury prejudice.

During oral argument, the United States represented that its proofs at trial will necessitate the use of the alias to identify this defendant in connection with the acts charged in the indictment. The cases hold that, where relevant, the use of an alias in an indictment is permissible, and a pre-trial motion to strike should not be granted. United States v. Johnson, 298 F.Supp. 58, 65–66 (N.D. Ill., 1969); United States v. Miller, 381 F.2d 529 (2d Cir., 1967), cert. denied, 392 U.S. 929, 88 S.Ct. 2273, 20 L.Ed.2d 1387 (1968). If, however, the United States fails to offer proof relating to the alias, this motion may be renewed, the alias struck, and an appropriate precautionary instruction given to the jury. See United States v. Brandt, 139 F. Supp. 367 (N.D.Ohio, 1955); United States v. Valenti, 74 F.Supp. 718 (W.D. Pa., 1947). Thus this motion must now be denied.

## II

## MOTIONS TO PERMIT CONFERENCES

■ Defendant H. Addonizio seeks an order permitting the defendants to interview any witnesses held by the United States in any form of protective custody. The United States represented to the court that it holds no witnesses in such custody and has no objections to the defendants interviewing any prospective witnesses who are willing to be so interviewed.

Additionally, the defendant H. Addonizio requests the entry of an order authorizing the defendants' attorneys to confer among themselves with respect to this indictment. Such an order is necessary, it is suggested, because the alleged "chilling effect" resulting from the pretrial publicity accorded this indictment may have inhibited defense counsel. All defendants herein are represented by experienced and knowledgeable counsel who are entirely aware of their complete freedom to communicate among themselves if they deem it advisable. Accordingly, any orders of the court with respect to either of these motions would be meaningless, and the motions therefore are denied.

## III

## MOTION FOR PRE-TRIAL CONFERENCES

■ Defendants Boiardo and Biancone move for the scheduling of a pretrial conference of all parties to (1) set a time and place for trial, and (2) order counsel to refrain from making public statements relating to the indictment.

It is the announced intention of the court to schedule a pre-trial conference, as provided for by Fed.R.Crim.P. 17.1, for the purpose of resolving numerous matters relating to the conduct of the trial. The date of that conference and the specific subject matter thereof will be determined at a later date. Therefore, that portion of the motion is granted.

All counsel are hereby admonished to adhere to the guidelines concerning publicity as set forth in General Rule 36 of the United States District Court for this district. Accordingly, at this time, no preventive order is necessary, and that portion of the motion is denied.

## IV

## MOTION FOR SPEEDY TRIAL

Defendants Krusch and Schiff move for a speedy trial. The court recognizing that the interests of justice require that the trial be held at the earliest practicable time, has heretofore advised all counsel that trial will commence on June 2nd, 1970. The relief sought has, accordingly, been granted.

## V

## MOTIONS TO SUPPRESS EVIDENCE OBTAINED BY THE UNITED STATES BY MEANS OF ELECTRONIC SURVEILLANCE

Defendants H. Addonizio, Boiardo, Biancone and Vicaro move to suppress all evidence, or the fruits thereof, obtained by the United States by means of

electronic surveillance. Defendant Turner has made an associated motion phrased in terms of requesting discovery and inspection of any such evidence.

The United States represented, during the course of oral argument, that it has never picked up the voice of the defendant H. Addonizio in any electronic surveillance. Counsel for defendant H. Addonizio stated, on the record, that he was satisfied by that representation. See Transcript, March 16th, 1970, p. 61. In addition, the United States represented that it had never picked up the voice of defendant Biancone in any electronic surveillance.

As to the defendants Boiardo and Vicaro, the United States represented that the only information concerning these defendants which was acquired through electronic surveillance is contained in the so-called DeCarlo and DeCavalcante tapes, which are available for inspection as public records, filed with the Clerk of the United States District Court in Newark.

Defendants Boiardo, Biancone and Vicaro refuse to accept such representations of the United States for the reason that there may be additional information resulting from electronic surveillance which reposes in government files unknown to the United States Attorney. They seek a pre-trial hearing to test the accuracy of the United States' representations as to the extent of any electronic surveillance of them or their premises.

It is the position of the United States that (1) existing law establishes that the representation of the United States in such circumstances is to be believed, and (2) in any event, it has made a full inquiry as to the extent of electronic surveillance regarding these defendants and has made full disclosure thereof.

■ This court has examined the transcript of the oral argument, the briefs filed, the relevant case law and the affidavit filed by the United States, at the direction of this court, outlining the scope of the inquiry underlying its representation. The court is satisfied that the United States has done all that could be reasonably required of it to assure that any information resulting from electronic surveillance involving the defendants in this case has been unearthed and disclosed. See United States v. Zirpolo, 288 F.Supp. 993, 1016–1018 (D.N.J., 1968).

■ The court is further satisfied that the law requires that the United States' representation concerning the existence of electronic surveillance is to be believed, especially where, as here, there has been no particular showing by defendants of facts casting doubt upon that representation. See United States v. De Sapio, 299 F.Supp. 436, 449 (S.D. N.Y., 1969). No pre-trial hearing on this issue is warranted, and the motion is denied.

■ Defendants Boiardo, Biancone and Vicaro next urge that a pre-trial hearing be held to determine if any of the evidence which the United States intends to use at trial is the fruit of illegal electronic surveillance. The defendants rely, essentially, upon the case of Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). In *Alderman*, the Supreme Court remanded the case to the trial court for the purpose of holding an adversary hearing to determine whether tainted evidence arising from electronic surveillance had been introduced at trial. Only in the event that such a hearing established the use of tainted evidence was the conviction to be reversed and a new trial ordered. Nowhere in *Alderman* does the Supreme Court indicate that a pre-trial hearing must be granted to determine possible taint, even where, unlike the facts of *Alderman*, it is admitted before trial that defendants were subjected to electronic surveillance.

Logically, it would seem that a post-trial procedure to determine taint would be the better practice. In order to hold an effective pre-trial hearing in such a case, all of the admissible evidence that the United States proposes to introduce at trial would have to be presented.

The relief sought by the defendants raises the spectre of dual trials. In fact, if the evidence actually introduced at trial should differ from that adduced at a pre-trial hearing—not an unlikely occurrence—a further step, a post-trial hearing, would be necessitated. Such a wasteful procedure is not required to preserve the defendants' right to a fair trial. If a defendant is acquitted, no hearing would be required because the question of possible taint would then be moot. Further, if the defendant is convicted, the evidence introduced at trial might be so clearly derived from legal sources as to negate any allegation of taint, thus either eliminating entirely the requirement for a hearing or sharply reducing its scope. Even assuming that a defendant is convicted and tainted evidence is introduced at his trial, a post-trial hearing could still be available to correct such error. See United States v. Birrell, 269 F.Supp. 716, 725–729 (S. D.N.Y., 1957).

In light of all the circumstances, defendants' motion for a pre-trial evidentiary hearing is denied.

■ Defendant Turner occupies a somewhat different position. As to him, the United States conceded that it does possess certain materials obtained by means of electronic surveillance. Defendant Turner's motion for discovery and inspection of such material is granted, and it shall be turned over to the defendant for his use prior to trial, subject, however, to a protective order prohibiting public disclosure of such material.

## VI

## MOTIONS FOR CHANGE OF VENUE AND CONTINUANCE

■ Defendants Boiardo, Biancone and Vicaro, pursuant to Fed.R.Crim.P. 21(a), move for an order transferring these proceedings to another district and for a continuance thereof for six months, on the ground that intense pre-trial and pre-indictment publicity have engendered so great a prejudice against them that they cannot now obtain a fair and impartial trial in the District of New Jersey. In the alternative, these defendants request that, in the event the motion for change of venue is denied and these proceedings be retained for disposition in this district, they be continued for a period of one year, to permit the alleged prejudicial atmosphere to be diluted or dissipated. The movants, in support of this motion, have filed with the court eight volumes of newspaper and magazine clippings, representing a random but reasonably comprehensive sampling of the publications in this and in other districts referring to these defendants and to these proceedings.

Obviously, an investigation probing into the existence of organized crime and governmental corruption in the state's largest municipality, the public revelation of recorded conversations among persons alleged to be associated with organized crime, in which the names of many prominent state and local figures are mentioned, and the subsequent indictment of some of these same persons, including the Mayor of the City of Newark and a number of its public officials, would be expected to provoke widespread public interest and inspire concomitant coverage by the news media, particularly in Newark and its environs. While the volume of such publicity resists precise definition, it was clearly both extensive and intensive. Even, however, accepting that characterization of the pre-trial publicity herein, this court is not persuaded that that fact alone necessarily precludes the possibility of selecting a fair and impartial jury for the trial of this indictment. Indeed, it has been recently held that publicity associating criminal defendants with "the Mafia" is not, per se, prejudicial. See Patriarca v. United States, 402 F.2d 314 (1st. Cir., 1968), cert. denied, 393 U.S. 1022, 89 S.Ct. 633, 21 L. Ed.2d 567 (1969); United States v. Corallo, 281 F.Supp. 24 (S.D.N.Y., 1968).

To presume, in advance of the voir dire examination of the prospective trial jurors, that the extent of the pre-trial

publicity in this case negates the selection of a fair and impartial jury represents a premature and unwarranted supposition. This court is satisifed that a properly conducted voir dire will adequately protect the rights of these defendants to a fair trial. See United States v. Wolfson, 294 F.Supp. 267, 274 (D.Del., 1968). If the voir dire disproves this assumption, the relief requested could then be reconsidered. Accordingly, the motion, insofar as it seeks the removal of these proceedings from this district or the continuance thereof, is denied.

Nonetheless, in view of the concentration of public interest and news coverage in the Newark area, the court is convinced that the jury selection process will be facilitated by the transfer of these proceedings from the Newark to the Trenton vicinage of this district, and that such a transfer will not unduly burden or inconvenience either the defendants or the witnesses. See Fed.R. Crim.P. 18. Accordingly, it is ordered that these proceedings be transferred from Newark to Trenton.

## VII

## MOTIONS TO DISMISS INDICTMENT

Defendants H. Addonizio, Boiardo, Biancone, Vicaro, F. Addonizio, Bernstein, West, Turner, Callaghan and LaMorte move to dismiss the indictment, or counts thereof, on various grounds.

■ Defendant H. Addonizio complains that he was compelled to testify before both the Essex County Grand Jury and the United States Grand Jury in violation of the self-incrimination clause of the Fifth Amendment. He argues that, as a result of such violations (1) he must be accorded immunity from prosecution, or (2) the indictment must be dismissed.

This defendant was neither offered nor granted immunity from prosecution by either New Jersey or the United States. Further, he cites no authority for his initial proposition that violations of the Fifth Amendment must be redressed by conferring immunity from prosecution upon those whose rights are thus transgressed.

■ Defendant's alternate view, that the infringement of his Fifth Amendment privileges demands a dismissal of the indictment, is also untenable. It is well established that incompetent or even unconstitutionally obtained evidence may be presented to a grand jury without compromising a resulting indictment. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966); Lawn v. United States, 355 U. S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). If defendant is able to establish that his Fifth Amendment rights were, in fact, abridged, suppression of the evidence illegally obtained, rather than dismissal of the indictment, is his remedy. Both motions are denied.

■ Defendant H. Addonizio also moves to dismiss the indictment for the reason that he was made to appear before the United States Grand Jury without being permitted to have counsel in the room with him. This was an entirely regular and acceptable procedure; the motion to dismiss is without substance. See De Sapio, supra, 299 F.Supp. 436, 440; Fed.R.Crim.P. 6(d); United States v. Levinson, 405 F.2d 971, 980 (6th Cir., 1968), cert. denied, 395 U.S. 958, 89 S. Ct. 2097, 23 L.Ed.2d 744 (1969). See also In re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957) (dictum).

■ This defendant argues, further, that the records of the Essex County Grand Jury were illegally turned over to the United States, and that since, presumably, the present indictment was predicated at least in part upon such illegally obtained evidence, the indictment is contaminated and must be dismissed. Defendant's view is rejected. His remedy is, again, not the dismissal of the indictment, but suppression of the offend-

ing evidence. *Costello,* supra; *Blue,* supra; *Lawn,* supra.

█ Defendant H. Addonizio also seeks dismissal of the indictment on the ground that the United States Grand Jury may have failed to consider possible exculpatory evidence turned over to the United States by the Essex County Grand Jury. Even assuming the existence of such exculpatory evidence, there is clearly no requirement that all of the evidence in a prosecutor's possession must be presented to a grand jury in order to sustain an indictment. Loraine v. United States, 396 F.2d 335, 339 (9th Cir.), cert. denied, 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968). Thus the motion must be denied.

█ Defendant H. Addonizio again attacks the indictment, insisting that the United States Grand Jury had insufficient time to consider enough evidence to support an indictment of this magnitude. This argument is premised on mere surmise. Nothing specific is offered which would even indicate the likelihood of irregular proceedings or grand jury misconduct. Without such a showing, the court will not endorse an investigation of those proceedings which are presumed to be regular. *Corallo,* supra, 281 F.Supp. 24, 30; *Costello,* supra.

█ Defendants H. Addonizio, Biancone and Vicaro move for dismissal on the ground that even though they were targets of the grand jury investigation they were, nonetheless, compelled to appear and thereby required, to their prejudice, to invoke their Fifth Amendment privilege against self-incrimination. Clearly, a target or prospective defendant can be compelled to appear before a grand jury even when such a defendant makes it known to the prosecuting authority that he intends to rely upon the Fifth Amendment. United States v. Wolfson, 405 F.2d 779, 784 (2d Cir., 1968), cert. denied 394 U.S. 946, 89 S.Ct. 1275, 22 L.Ed.2d 479 (1969); *De Sapio,* supra. Such circumstances provide no basis for the dismissal of an indictment. The motion is denied.

█ Defendants H. Addonizio, Boiardo, Biancone and Vicaro attack the indictment on the ground that the United States Grand Jury was biased against them as a result of pre-indictment publicity, a portion of which, they allege, was inspired by the United States. These defendants request, additionally, a pre-trial hearing to determine the nature and extent of such bias. The law imposes a burden upon the defendants to demonstrate some cause to believe that the grand jury was biased against them and thus failed to perform its sworn duty. Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Silverthorne v. United States, 400 F.2d 627 (9th Cir., 1968); Gorin v. United States, 313 F.2d 641 (1st Cir., 1963), cert. denied, 379 U.S. 971, 85 S.Ct. 669, 13 L.Ed.2d 563 (1965). Defendants cite no authority which countenances the granting of a hearing to inquire into the subjective attitudes of grand jurors. Nothing of substance is provided to support defendants' allegations. Mere conjecture that some impropriety may have occurred and some infirmity in the proceedings resulted thereby is an insufficient premise for the relief sought. United States v. Hoffa, 205 F.Supp. 710 (S.D.Fla.), cert. denied, Hoffa v. Lieb, 371 U.S. 892, 83 S.Ct. 188, 9 L.Ed.2d 125 (1962). The motion is denied.

█ Defendants H. Addonizio, Boiardo, Biancone and Vicaro seek dismissal of the indictment on the further ground that the Sixth Amendment entitles them to a fair as well as a speedy trial within the district where it is alleged the offense was committed. They argue that the extraordinary volume of pre-trial publicity excited by this prosecution precludes the empanelling of an impartial jury in this district at this time. Defendant H. Addonizio stresses the recent holding in United States v. Cotton (Cr.No. 68–113, E.D.Wis., June 11, 1969). In that case, the trial judge dismissed an indictment against multiple defendants because pre-trial publicity denied the defendants a fair and speedy trial in that district. Whatever the vir-

tues of that result, it was not reached until an exhaustive voir dire satisfied the trial judge that a fair and impartial jury could not be empanelled. Defendants' motion here must also abide that event and is, therefore, premature.

■ Defendants H. Addonizio, Callaghan and LaMorte urge the dismissal of the indictment on the ground that it fails to state an offense under the Hobbs Act, 18 U.S.C. § 1951. This argument is without merit. The indictment is drafted substantially in the language of the act, and clearly and concisely states an offense thereunder, in accordance with Fed.R.Crim.P. 7(c). See Esperti v. United States, 406 F.2d 148 (5th Cir.), cert. denied, 395 U.S. 938, 89 S.Ct. 2005, 23 L.Ed.2d 454 (1969). Moreover, it is clear that the indictment alleges a sufficient interference with interstate commerce to constitute an offense under the Hobbs Act, which requires only that such interference be accomplished "in any way or degree". 18 U.S.C. § 1951(a). The motion is denied.

■ Defendants H. Addonizio, Callaghan, LaMorte, F. Addonizio, West, Turner and Bernstein move to dismiss on the ground that the indictment, or a portion thereof, is vague, indefinite or lacks particularity. An indictment is sufficient if it is clear and detailed enough to enable the defendant to understand the nature of the charges against him, to prepare an adequate defense thereto, and to forestall the possibility of double jeopardy. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). Count I of the indictment here charges that during a stated period of time the defendants wilfully conspired to affect interstate commerce by extorting certain property from contractors working on projects undertaken by the City of Newark, under threat of financial injury and under color of official right. This language is sufficient to apprise the defendants of the nature of the charges and to bar prosecution in double jeopardy. The remaining test is not whether the indict-

ment could conceivably have been more complete, but whether it permits the preparation of an adequate defense. *Hagner,* ibid. The language of Count I of the indictment clearly would enable an innocent person to defend himself. More is not required.

■ Counts II through X charge that the defendants, in furtherance of the conspiracy, knowingly affected interstate commerce by extorting specific sums of money at particular times from Constrad, Inc., by the wrongful use of fear of financial injury or under color of official right during the period that Constrad worked on specific construction projects involving interstate commerce. Again, the tests imposed by *Hagner* are satisfied.

Counts XI through LXVI contain even more detail, in that specific defendants are named therein as the persons through whom the extortion was effected. This motion is also denied.

■ Finally, defendants H. Addonizio, Boiardo, Biancone and Vicaro press for dismissal of the indictment alleging that Counts II through LXVI are multiplicitous, in that such counts are merely separate aspects of the same crime. The court rejects that view. Each of the sixty-five counts charges a specific offense, extortion affecting interstate commerce under 18 U.S.C. § 1951. While it is true that it is charged in the indictment that each of these counts was linked to, and in furtherance of, the conspiracy, that does not alter the fact that each act of extortion represents a separate indictable offense predicated upon its effect on interstate commerce. Such interference is specifically charged in each of the sixty-five counts. These counts cannot, therefore, be deemed multiplicitous, as the defendants urge, and will neither be dismissed nor severed from the indictment.

## VIII
## MOTIONS TO SUPPRESS

Defendant H. Addonizio moves to suppress certain evidence obtained by the

Fifteenth Essex County Grand Jury during its protracted investigation of alleged municipal corruption in the City of Newark. By order of Judge Giuliano of the Superior Court of New Jersey, all documents and records of that County Grand Jury were turned over to the United States Grand Jury which indicted these defendants.

Defendant H. Addonizio makes two basic motions for suppression, although numerous arguments are contained therein. First, defendant claims that certain testimony was illegally elicited from him, in violation of his Fifth Amendment rights. As a consequence, this defendant argues that such illegally obtained evidence and its fruits must be suppressed. Second, defendant insists that the turnover of such material violated both New Jersey law and the Fourth and Tenth Amendments of the United States Constitution, and demands the suppression of all such materials.

■ Fed.R.Crim.P. 41(e) provides that the court may entertain a pre-trial motion to suppress or, in the exercise of its sound discretion, may permit the defendant to make such a motion at trial. Here, the evidence alleged to have been illegally obtained in contravention of the Fifth Amendment may never be offered at trial. In such circumstances, the determination of this motion to suppress at this time would be premature. Defendant's rights are fully protected by granting him leave to renew this motion at trial if the United States attempts to introduce the challenged evidence.

■ Defendant moves to suppress all of the materials involved in the turnover on a variety of grounds. First, he claims that the turn-over violated New Jersey law in that (1) the statutory requirement of grand jury secrecy in N.J. S.A. 2A:73–3 was not adhered to, and (2) Judge Giuliano lacked authority to authorize such a turnover. Assuming, arguendo, that New Jersey law was violated in both instances, should the motion to suppress be granted? In United States v. Scolnick, 392 F.2d 320 (3rd Cir.), cert.

denied, Brooks v. United States, 392 U.S. 931, 88 S.Ct. 2283, 20 L.Ed.2d 1389 (1968), it was held, in substance, that the admission of evidence obtained in violation of state law is not ordinarily precluded in a federal criminal prosecution, unless the violation of state law constituted, as well, a violation of federal law or the Constitution. Defendant attempts to place himself within the ambit of that ruling by alleging violations of both the Fourth and Tenth Amendments. The thrust of his Fourth Amendment argument appears to be that testimony before a grand jury is, and remains, the property of the person testifying and, if it is illegally obtained or released, such procedure constitutes an unreasonable search and seizure. Defendant cites no cases directly supporting this thesis and suggests no persuasive reasons for its adoption. His Tenth Amendment contentions are equally devoid of support. The defendant's motions to suppress are, accordingly, denied.

## IX

### MOTIONS FOR SEVERANCE

Defendants H. Addonizio, Boiardo, Biancone, Vicaro, F. Addonizio, Bernstein, West, Turner and Schiff move to sever the trials of defendants and offenses on diverse grounds.

■ Defendants H. Addonizio and Schiff move to sever their trials from other defendants on the ground that the United States may offer into evidence a statement or confession made by a co-defendant which may implicate or prejudice them. The argument provides its own answer. It would be precipitate at this time to sever the trials of these defendants on the unsubstantiated possibility that the United States may offer such a prejudicial statement. If the United States does attempt to introduce such evidence, the defendants may renew this motion and an appropriate determination can then be made. See United States v. Leighton, 265 F.Supp. 27 (S. D.N.Y., 1967), cert. denied, 390 U.S.

1025, 88 S.Ct. 1412, 20 L.Ed.2d 282 (1968).

■ Defendants H. Addonizio, Boiardo and Biancone move to sever their trials on the ground that they will suffer prejudice by reason of their inability to call their co-defendants as witnesses on their behalf. No showing has been made by these defendants that any exculpatory testimony is to be expected from any co-defendant. In the absence of such a showing, it is inappropriate and untimely now to sever the trials of these defendants. If developments at trial pose this problem directly, this motion may, of course, be revived. United States v. Kahn, 381 F.2d 824 (7th Cir.), cert. denied, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967).

■ Defendants H. Addonizio, Boiardo and Biancone further demand severance on the ground that counsel for a defendant who testifies at trial has the right to comment during summation upon the failure of a co-defendant to take the stand, while, on the other hand, the non-testifying defendant may not be required, under the Fifth Amendment, to testify, and may not be penalized for invoking that right. These competing privileges present the dilemma raised in DeLuna v. United States, 308 F.2d 140 (5th Cir., 1962). This case poses some difficulties, although it has not been adopted in this Circuit and, in fact, has been challenged or distinguished in others. See, e. g., *Kahn,* supra, 381 F.2d 824, 839–840; United States v. Wolfson, 289 F.Supp. 903, 909–910 (S.D.N.Y., 1968); Kolod v. United States, 371 F.2d 983, 991 (10th Cir., 1967), vacated on other grounds, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962 (1968). In any event, the motion is premature. This court is unable to predict, now, whether the difficulties encountered in *DeLuna* will arise here. If that situation does occur and any counsel intends to comment upon the failure of a co-defendant to testify, he must so inform the court by moving for severance prior to the commencement of summation. This will enable the court to decide a fully mature issue.

■ Defendant H. Addonizio moves for severance of both defendants and offenses on the ground of misjoinder which he insists violates the requirements of Fed.R.Crim.P. 8. The joinder of both defendants and offenses here fully comports with the dictates of Rule 8. All defendants are charged in Count I with conspiracy to affect interstate commerce by extortion, and all defendants are charged in each of the sixty-five substantive counts which allege specific acts of extortion in furtherance of the conspiracy. Thus, all defendants, named in every count, are linked together in "acts or transactions connected together or constituting part of a common scheme or plan", as provided in Rule 8(a), and in the "same series of acts or transactions constituting an offense or offenses" under Rule 8(b). A clearer case for proper joinder under Rule 8 would be difficult to conceive.

■■ Defendants H. Addonizio, F. Addonizio, Bernstein, West, Turner and Schiff move for separate trials under the provisions of Fed.R.Crim.P. 14 on the ground that they will be prejudiced if tried with certain co-defendants because of guilt by association. As a general rule, defendants who are indicted together and properly joined should be tried together, unless a sufficient showing of prejudice is made to invoke the discretion of the court under Rule 14. United States v. Barber, 296 F.Supp. 795, 797–798 (D.Del., 1969); Tillman v. United States, 406 F.2d 930 (5th Cir., 1969), vacated on other grounds, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969). Distilled, this motion actually requests a severance for the reason that a fair and unbiased jury cannot now be obtained in this district. A similar motion addressed to dismissal of the indictment has heretofore been denied. (Section VII, supra.) It was there reasoned that a determination of such prejudice must necessarily await the voir dire. If that procedure should reveal such prejudice as to require a severance in the interests of justice, appropriate measures can be taken.

■ Defendants H. Addonizio and Schiff move for severance of both defendants and offenses on the ground that a denial of such severance would prejudice their rights to a fair trial. Specifically, they argue that the jury will be so confused by the volume and complexity of the evidence in this multi-defendant, multi-count trial that no corrective measures or cautionary instructions by the trial court could effectively insure a fair verdict. Defendants suggest no reason to distinguish this case from the many complex trials involving multiple defendants which have been successfully completed and approved on review. The motion is denied.

■ Defendant H. Addonizio moves for severance of his trial, insisting that joint trials of conspiracy indictments are inherently prejudicial. No cases are cited in support of this proposition. Indeed, a conspiracy indictment by its very nature contemplates a joint trial of the defendants. Nor does the defendant demonstrate sufficient prejudice in the specific circumstances of this case to warrant a discretionary severance under Rule 14. The motion is denied.

■ Defendant H. Addonizio moves for severance on the ground of multiplicity. It has been determined herein that there is no multiplicity between Counts II through LXVI. (Section VII, supra.) The only argument remaining, therefore, is that Count I is multiplicitous with respect to the rest of the indictment. That view must also be rejected. The Hobbs Act makes it plain that a conspiracy charge and a substantive charge, although related, are separate indictable offenses: "Whoever * * * obstructs, delays or affects commerce, by * * * extortion * * * or conspires so to do * * *" shall be fined or imprisoned. 18 U.S.C. § 1951(a). See also Callanan v. United States, 364 U.S. 587, 593, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961). This motion to either dismiss the indictment or sever its counts must be denied.

■ Defendant H. Addonizio moves either to sever or dismiss on the ground of duplicity of counts in the indictment. First, Count I is not duplicitous. A conspiracy to commit several offenses is only one crime. See *Zirpolo*, supra, 288 F.Supp. 993, 1010.

■ Second, the succeeding substantive counts of the indictment are not duplicitous, although they charge that the substantive crimes were committed in furtherance of the conspiracy. It is clear that the only verdict possible in each of Counts II to LXVI is either guilty or not guilty of the specific substantive offenses charged therein. No verdict in any of these sixty-five counts as to conspiracy could properly be entertained or returned by the jury. Thus, only one offense is charged in each count, and there is no duplicity.

■ Third, the substantive counts are not duplicitous because conjunctive rather than disjunctive language is employed therein. It is well established that an indictment drafted substantially in the language of the statute but using the conjunctive is not rendered duplicitous thereby. See Cathcart v. United States, 244 F.2d 74 (10th Cir.), cert. denied, 354 U.S. 924, 77 S.Ct. 1387, 1 L. Ed.2d 1439 (1957). See also United States v. Ricciardi, 40 F.R.D. 135 (S.D. N.Y., 1965). These motions, lacking merit, are denied.

## X

### MOTIONS FOR DISCOVERY AND INSPECTION

Defendants H. Addonizio, Boiardo, Biancone, Vicaro, F. Addonizio, Bernstein, West, Turner, Callaghan, LaMorte, Gordon and Schiff move for discovery and inspection of various materials pursuant to Fed.R.Crim.P. 16, 6(e).

The exhaustive demands of these defendants for discovery seek, in one form or another, a complete revelation of all statements, transcripts, documents, papers, reports, records, photographs and tangible objects in the possession and control of the United States.

 Defendants first demand that the United States make available to them all materials discoverable under Rule 16(a). These materials consist of (1) written or recorded statements or confessions made to anyone by the defendant, (2) results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, and (3) recorded testimony of the defendant before a grand jury. The United States has agreed voluntarily to furnish each defendant with a copy of his statements or confessions, if any, and any of his testimony before a grand jury in connection with this matter. The United States has agreed, further, to turn over to defendants all reports of tests, examinations or experiments, but represents that it knows of none. Thus, all of defendants' demands under Rule 16(a) have been satisfied without the intervention of this court. If, however, these items have not as yet been furnished to the defendants, the United States is directed to do so forthwith.

The defendants next demand discovery of all tangible materials set forth in Rule 16(b). Again, the United States has agreed voluntarily to permit the defendants to inspect all tangible evidence it intends to introduce at the trial. In fact, the United States has gone beyond any requirements of that rule by agreeing to provide copies of its trial evidence, at its own expense, to the defendants. At the direction of the court, such copies are to be turned over to the defendants at the pre-trial conference. The United States has agreed, further, to provide copies of all personal records of any defendant which are in its possession. These copies, if not previously furnished, are to be turned over forthwith.

The requests of defendants are not thereby abated. Under Rules 16(b) or 6(e), the defendants seek: statements made by government agents reporting information obtained from a defendant even if not purporting to be the actual words of a defendant or a summary thereof; the entire transcripts of both the United States and the Essex County Grand Jury proceedings; names and addresses of prospective witnesses for the United States, along with their statements of whatever kind; the criminal records of both prospective witnesses and co-defendants; any exculpatory evidence, and other materials which it is unnecessary to particularize here.

 It is well established that discovery under both Rules 16(b) and 6(e) reposes in the sound discretion of the trial judge. See United States v. Fiorvanti, 412 F.2d 407, 410–411 (3rd Cir.), cert. denied, Panaccione v. United States, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969). It is not at all clear that these rules even contemplate the exercise of the court's discretion as regards many of the defendants' demands. Assuming, however, that the exercise of the court's discretion is, in each instance, sanctioned by the rules, the defendants advance no compelling reasons why they should be accorded the additional discovery sought. Defendants are being provided with all that the rules require and will have more than sufficient information to understand the charges made against them and to prepare for trial. The defendants' demands for discovery and inspection not heretofore granted are denied.

## XI

### MOTIONS FOR BILLS OF PARTICULARS

All of the defendants in this case have filed extensive—indeed, voluminous—demands for bills of particulars addressed to the discretion of this court, pursuant to the provisions of Fed.R.Crim.P. 7(f). Answers to more than fifteen hundred detailed and comprehensive questions are demanded of the United States. Many of defendants' demands are repetitious, representing requests for the same information directed to all counts, and many demands duplicate, or are substantially similar to, those made by one or more co-defendants. In their totality,

however, the demands seek, directly or indirectly, a full and complete disclosure of every detail of the United States' case. Disclosure of the names of prosecution witnesses is sought, as is the United States' trial theory and all of the evidence it proposes to introduce. Defendants insist that they are entitled to the entirety of the information demanded by virtue of the recent liberalization of Rule 7(f) and that withholding it from them denies them an adequate basis for the preparation of their respective defenses. The United States responded to these motions by declining to answer substantially all of the questions directed to it.

 The purpose and function of a bill of particulars is to provide the defendant with details of the charges against him in addition to those details previously set forth in the several counts of the indictment. (The legal sufficiency of the indictment has been sustained by this court in deciding defendants' motions to dismiss in Section VII, supra.) The liberalizing trend in the area of pre-trial criminal discovery suggests that details of charges made in an indictment should be disclosed where necessary to aid in preparing a trial defense, minimizing surprise at trial, and enabling the defendant to plead a previous acquittal or conviction as a bar to subsequent prosecution. See United States v. Tanner, 279 F.Supp. 457 (N.D.Ill., 1967); Zirpolo, supra, 288 F.Supp. 993, pp. 1021–1022. See also United States v. Smith, 16 F.R.D. 372, 374 (W.D. Mo., 1954). Although the 1966 amendment of Rule 7(f) supports the trend toward liberalization, nonetheless, the propriety of requiring the United States to answer the demands for particulars made of it still resides within the sound discretion of the trial judge. See Wyatt v. United States, 388 F.2d 395, 397 (10th Cir., 1968); Zirpolo, ibid.

 As a result of the demands made by the defendants, this court, in the exercise of its discretion under Rule 7(f), directed the United States to file and serve a bill of particulars in this case, setting forth: (1) the names of defendants or other persons through whom the United States alleges the defendants obtained the sums of money from Constrad, Inc., its officers and agents, as charged in Counts II through X of the indictment, and (2) a more specific factual statement with regard to the allegations in the indictment that the consent of the victims of the charged conspiracy and extortions was "induced both by fear of financial injury" or "by the wrongful use of fear of financial injury" and "under color of official right". Adequate answers to these particulars have since been provided by the United States and made available to defendants.

This court is satisfied that the indictment itself, the pre-trial discovery ordered by this court in Section X of this opinion, and the bill of particulars ordered and answered provide the defendants with all of the information and assistance to which they are entitled by law, and more. Accordingly, each and every demand for particulars made by defendants and not determined heretofore is denied.

## XII

### MOTIONS FOR ADDITIONAL TIME

 Defendants H. Addonizio, Krusch, LaMorte, Callaghan and Schiff move for additional time to file pre-trial motions to supplement those heretofore made.

All of these defendants were arraigned before Judge Coolahan on December 19th, 1969. At that time, a motion was made to allow the defendants a period of sixty days within which to file appropriate pre-trial motions. The United States objected to this motion and sought a limitation to the usual thirty-day period provided for in General Rule 12(E) of the United States District Court for this district. In the exercise of his discretion under that rule, Judge Coolahan determined that a period of forty-five days was "a reasonable

time to address all motions to the indictment * * *". See Transcript, arraignment of Hugh J. Addonizio, Cr. Nos. 547, 548–69, December 19th, 1969, p. 6. Thereafter, this court, to whom this indictment was assigned for trial, granted an additional two-week extension of the final filing date.

It is evident, from the proceedings at the arraignment, that the enlarged period of time allowed for the filing of pretrial motions was intended to allow sufficient time for the defendants to file all motions addressed to the indictment. This court gave the defendants the further benefit of an extension of time to facilitate the thorough preparation of their motions. Neither Judge Coolahan nor this court evinced any intent to permit the filing of a pre-trial motion designed to extend further the time to make such motions. The endorsement of such a procedure would encourage endless pre-trial motions, limited only by the ingenuity of counsel. Furthermore, defendants have shown no compelling reason to order a special extension of time in this case, and their motion for additional time is denied.