**UNITED STATES of America,
Appellant,**

v.

**Anthony Lewis JASPER.**

**No. 71–2017.**

United States Court of Appeals,
Third Circuit.

Argued March 21, 1972.

Decided June 2, 1972.

Victor L. Schwartz, Asst. U. S. Atty., Philadelphia, Pa., for appellant.

Sanford Kahn, Philadelphia, Pa., for appellee.

Before ADAMS, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In April of 1971, an indictment was returned against Anthony Lewis Jasper, charging him with refusing to submit to induction, in violation of the Selective Service Act of 1967, 50 App. U.S.C. § 462(a). The indictment was returned three years and ten months after the violation is alleged to have occurred and was dismissed by the District Court, 331 F.Supp. 814, on the ground that the delay in bringing Jasper to trial resulted in the deprivation of his constitutional and statutory rights. The government appeals.[1]

Subsequent to the District Court's order, the Supreme Court in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), considering, *inter alia*, the application of the Sixth Amendment to pre-indictment delay, stated "that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engages the particular protections of speedy-trial provision of the Sixth Amendment." United States v. Marion, *supra*, 404 U.S. at 320, 92 S.Ct. at 463. Jasper's Sixth Amendment argument is, therefore, precluded.

In addition to dismissing the indictment on speedy trial grounds, however, the District Court also cited Fifth Amendment due process violations. Jasper argues that he in fact suffered the necessary "actual prejudice," *see, e. g.,* United States v. Marion, *supra*, 404 U.S. at 324, 92 S.Ct. 455; United States v. Feldman, 425 F.2d 688 (3d Cir. 1971), since a "defense" to the very validity of the induction order was lost by the subsequent Supreme Court decision in Ehlert v. United States, 402 U.S. 99, 91 S. Ct. 1319, 28 L.Ed.2d 625 (1971). He argues that this change in the law with respect to the processing of post induction order conscientious objector claims operates to his detriment and amounts to "prejudice" of due process proportions.[2]

Jasper does not question the constitutionality of the retroactive application of *Ehlert.* See United States v. El, 443 F. 2d 925 (3d Cir. 1971). Rather, he argues that the *Ehlert* interpretation of 32 C.F.R. § 1625.2, which will be applicable to him only because of alleged "impermissible government delay," would result in "actual prejudice" within the parameters of the Due Process Clause.[3] The Government, while arguing that "actual prejudice" sufficient to violate due process, is limited to "evidentiary

---

1. The District Court's order is appealable to this Court pursuant to 18 U.S.C. § 3731. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (PART I) (1971).

2. Jasper testified that in conjunction with his "pre-Ehlert defense," a witness who would have testified favorably on his behalf had, with the passage of time, become "unavailable." Although the District Court determined that this was also "actual prejudice," the record indicates that this witness' whereabouts had been unknown to Jasper for some five years prior to the date of hearing. The witness therefore would not have been available even if Jasper had been promptly tried.

3. See Scott v. Commanding Officer, 431 F.2d 1132 (3d Cir. 1970), and United States v. Bowne, 414 F.2d 1268 (3d Cir. 1968), for the applicable case law prior to *Ehlert.*

prejudice," also contends that Jasper never in fact had such a "pre-*Ehlert*" defense. It argues that his conscientious objector views crystallized *prior* to the mailing of the induction order, that the Board was therefore precluded from reopening his classification by 32 C.F.R. § 1625.2, and that for these reasons he would have had no defense even under the cases decided prior to *Ehlert*.

Although there is some indication on the record that Jasper's views crystallized prior to the mailing, we nevertheless conclude that a proper decision by this Court requires additional findings of fact concerning this sequence of events. As it is, of course, preferable to dispose of cases on statutory rather than constitutional grounds, *See e. g.*, Clay v. Sun Ins. Office Limited, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960); Harmon v. Brucker, 355 U.S. 579, 78 S. Ct. 433, 2 L.Ed.2d 503 (1956); we believe that further consideration by the District Court on this sequence is appropriate.

The order dismissing the indictment will be vacated and the cause remanded for further consideration.