**UNITED STATES of America, Plaintiff,**

v.

**Philippe Andre SINCLAIR, Defendant.**

**Crim. A. No. 76–94.**

United States District Court,
D. Delaware.

Nov. 30, 1976.

W. Laird Stabler, Jr., U. S. Atty., and Alan J. Hoffman, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Morton Richard Kimmel and Paul H. Spiller, of Kimmel, Spiller & Bradley, P.A., Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

 Philippe Andre Sinclair ("Sinclair") has been charged in a three count indictment[1] with, generally, interfering with Internal Revenue Service agents who were seizing an automobile. Currently before the Court is Sinclair's motion for a change of venue which provides:

"The defendant moves for a change of venue on the grounds that he cannot receive a fair trial in Delaware because of recent prejudicial publicity concerning him in this case and his recent conviction in the U.S. District Court in Delaware in October of 1976."[2]

In support of this motion, Sinclair submitted an affidavit which reads in relevant part:

"I believe and respectfully submit that, under all of the circumstances, justice requires that the Court hear the motion for change of venue, since I will be prejudiced by a trial in this Court due to the publicity prior to the trial in October of 1976 which resulted in a conviction during the same month."[3]

Thus, the Court is asked to grant a change of venue on the bald assertions that unspecified publicity and a conviction on unrelated charges mandate a change of venue.[4]

Rule 21(a), F.R.Cr.P., provides in part:

"The court upon motion of the defendant shall transfer the proceeding as to him to another district . . . if the court is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district."

Because Sinclair chose not to offer specific examples of the alleged adverse publicity, the record presented to the Court is devoid of any evidence from which the Court could conclude that Sinclair cannot obtain a fair trial in this district, *United States v. Barber*, 297 F.Supp. 917, 919 (D.Del.1969), and, thus, at this time, Sinclair has failed to carry his burden of showing a "reasonable likelihood" of unfairness. *Sheppard v.*

---

1. Docket Item 1.

2. Docket Item 7.

3. Docket Item 9. See Criminal Action No. 76–56.

4. Sinclair's attorney at argument referred to a few newspaper articles, but beyond noting that one labeled Sinclair a "con man" he did not fully describe their contents or offer them to the Court for its review.

*Maxwell*, 384 U.S. 333, 363, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *United States v. Delay*, 500 F.2d 1360, 1365 (C.A.8, 1974); *United States v. Barber, supra*. Moreover, in the absence of extraordinary circumstances which are not present in this case, the decision to change venue should await the voir dire of the veniremen. *United States v. Haldeman*, 20 Cr.L. 2104 (D.C.Cir. Nov. 3, 1976); *United States v. Addonizio*, 313 F.Supp. 486, 493–94 (D.N.J.1970), *aff'd*, 451 F.2d 49 (C.A.3, 1972), *cert. denied*, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); *United States v. Wolfson*, 294 F.Supp. 267, 274 (D.Del.1968). Therefore, Sinclair's motion for a change of venue must be denied.

■ Of course, Sinclair may renew his motion for a change of venue if it appears on voir dire that it is impossible to secure a fair and impartial jury in this district. *United States v. Whiteside*, 391 F.Supp. 1385, 1387–88 (D.Del.1975).

An order will be entered in accordance with this memorandum opinion.